IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-51-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| JERJUAN ORIEN BROOKS | : |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, pursuant to the entry of Memorandum of Plea Agreement entered into by the defendant, Jerjuan Orien Brooks, on April 4, 2011, and Consent to Forfeiture entered into by Defendant Brooks on July 29, 2011, the following property is hereby forfeitable pursuant to 21 U.S.C. § 853, to wit:

**Real Property** - All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments, and easements, having the street address of 137 Bridge Street, Fuquay-Varina, Wake County, North Carolina.  Legally described at Book 14008, Page 2089-2091 of the Wake County Registry, North Carolina; and

**Currency** - $50,000.00 in U.S. currency, an amount not currently in the possession of or its whereabouts known to the Government; and

WHEREAS, by virtue of said Memorandum of Plea Agreement, the United States is now entitled to possession of said property, pursuant to Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memorandum of Plea Agreement and Consent to Forfeiture as to the defendant, Jerjuan Orien Brooks, the United States is hereby authorized to seize the above-stated property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). In accordance with Fed. R. Crim. P. 32.2(b)(3), this Order is now final as to the defendant, provided that the proceeds from the sale of the real property (which amount will not be deemed less than $100,000) will be credited toward the $50,000 forfeiture, as well as the proceeds of the sale of any substitute assets, and an appropriate full or partial satisfaction of judgment filed. Further, should there be any surplus over and above the amount of $50,000, such shall be returned to the defendant.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(3).

3. With regard to the real property only, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil

forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture as required by Fed. R. Crim. P. 32.2(c).

5. That upon entry of this Preliminary Order of Forfeiture, the Clerk of Court is directed to enter judgment against that amount of currency forfeited, not in the possession of the Government or its whereabouts known, that is, $50,000.00, subject to the provisions of this Order.

This 15 September 2011.

_____
W. Earl Britt
Senior U.S. District Judge